# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

HOWARD TARNOFF,   CASE NO.:

    Plaintiff,

v.

ISOLVED, INC.,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES
## AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff HOWARD TARNOFF (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, who hereby sues the Defendant ISOLVED, INC. (hereinafter sometimes referred to as "Defendant") in this Complaint, and would state:

## THE PARTIES

1. Plaintiff is a natural person, *sui juris*, a citizen of Florida, and a resident of Volusia County, Florida.

2. Plaintiff alleges that Defendant is a private and for-profit Michigan corporation with a primary business residence in North Carolina and doing business in the Florida counties that comprise the Middle District of Florida – Orlando Division.

1

## JURISDICTION AND VENUE

3. This is an age discrimination action arising under the federal Age Discrimination in Employment Act ("ADEA") and the state Florida Civil Rights Act ("FCRA") at Section 760.01 - .11, Florida Statutes.

4. Defendant is doing business and has committed acts in the Middle District of Florida in violation of Plaintiff's rights under federal and Florida law thereby giving this Court personal jurisdiction over Defendant.

5. This Court has subject matter jurisdiction to hear and determine Plaintiff's federal claim and, because the Florida statutory claim is ancillary and pendant to the federal claim, supplementary jurisdiction is appropriate over the state law claim.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a). Further, venue is proper in the Orlando Division of the Middle District of Florida because the alleged acts giving rise to these claims occurred in counties of which the Orlando Division is comprised as set forth in Middle District Local Rule 1.04(b).

## GENERAL ALLEGATIONS

7. Plaintiff is a 75-year-old male who suffered discrimination based on his age; as such, he is a member of a class of individuals protected by the ADEA and FCRA.

8. Plaintiff worked for Defendant as a Strategic Customer Success Manager from his location in Volusia County, Florida from March 4, 2024 until his termination on October 14, 2024.

9. Plaintiff's work was exemplary and his supervisor Colton Zacca regularly praised him for his diligent efforts on behalf of the company.

10. However, over the summer of 2024, Defendant brought in a new Senior VP of Customer Success named Megah Shah who openly pledged to "chart a new course" for the department.

11. At Plaintiff's termination meeting, which was communicated to him by Shah and VP of HR Mary Hale, Plaintiff was told that his firing was due to the "changing needs of the company." However, Defendant did not elaborate regarding what those "changing needs" were.

12. Moreover, after the termination, and upon information and belief, Defendant hired a significantly younger work to assume all or most of the job responsibilities that Plaintiff performed for the company.

13. At the time of the termination, Defendant was acutely aware that Plaintiff was an older American worker as he was one of the oldest employees in the entire company.

14. Defendant terminated Plaintiff because of his advanced age.

15. In the absence of a legitimate non-discriminatory reason for the termination plus the sudden termination after having been previously praised (lavishly) for his performance, Defendant's termination of Plaintiff was discriminatory.

16. A but for cause of Plaintiff's termination was his advanced age.

17. Plaintiff has been damaged by Defendant's actions both financially and emotionally.

18. Plaintiff has timely brought this Complaint within all applicable statutes of limitations and satisfied all conditions precedent to the institution of this lawsuit.

## SPECIFIC ALLEGATIONS

## COUNT I

### AGE DISCRIMINATION UNDER ADEA

19. Plaintiff repeats and realleges each and all of the allegations contained in paragraphs 1-18 of this Complaint as though set forth fully at length herein.

20. Defendant has, willfully and with malice or reckless indifference, violated the dictates of the ADEA by intentionally discriminating against Plaintiff due to an actual or perceived disability.

21. As a direct and proximate result of Defendant's acts, Plaintiff has suffered damages, including, but not limited to, lost employment, income, benefits, distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff respectfully requests that this Court award Plaintiff such damages as he has sustained and as shall appear proper within the provisions of the ADEA, including, but not limited to, back pay, front pay, other economic compensatory damages, liquidated damages, attorney's fees, court costs, interest, and all other relief that this Court may deem just and proper.

## COUNT II

### AGE DISCRIMINATION UNDER FCRA

22. Plaintiff repeats and realleges each and all of the allegations contained in paragraphs 1-18 of this Complaint as though set forth fully at length herein.

23. Defendant has, willfully and with malice or reckless indifference, violated the dictates of the FCRA by intentionally discriminating against Plaintiff due to his advanced age.

24. As a direct and proximate result of Defendant's acts, Plaintiff has suffered damages, including, but not limited to, lost employment, income, benefits, distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff respectfully requests that this Court award Plaintiff such damages as she has sustained and as shall appear proper within the provisions

of the FCRA, including, but not limited to, back pay, front pay, economic compensatory damages, non-economic compensatory damages including but not limited to damages for mental anguish, loss of dignity, and other intangible injuries, punitive damages, reasonable attorney's fees, court costs, interest, and such other and further relief that this Court may deem just and proper.

## JURY DEMAND

25.     Plaintiff is entitled to and demands a trial by jury as to the claims asserted herein.

DATED this 30th day of May 2025.

HOLLIFIELD LEGAL CENTRE
By:
**/s/ Travis R. Hollifield**

_____
Travis R. Hollifield – Lead Counsel
Florida Bar No. 0094420
427 S. New York Avenue – Suite 201-C
Winter Park, Florida 32789
Telephone: (407) 599-9590
Primary e-mail: trh@trhlaw.com
Secondary e-mail: rf@trhlaw.com
LEAD COUNSEL FOR PLAINTIFF