**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HOWARD TARNOFF,**

       **Plaintiff,**

**v.**                        **Case No: 6:25-cv-00955-PGB-LHP**

**ISOLVED, INC.,**

       **Defendant.**
_____/

**ORDER**

This cause is before the Court on Defendant iSolved, Inc.'s ("**Defendant**") Motion to Dismiss Plaintiff's Complaint (Doc. 20 (the "**Motion**")) and Plaintiff Howard Tarnoff's ("**Plaintiff**") response in opposition (Doc. 21 (the "**Response**")). Upon consideration, the Motion is due to be granted with leave for Plaintiff to amend its Complaint.

**I.**     **BACKGROUND**[1]

Through this action, Plaintiff brings federal and state employment discrimination claims stemming from his termination by Defendant. (*See generally* Doc. 1 (the "**Complaint**")).

---

[1] This account of the facts comes from Plaintiff's Complaint. (Doc. 1). The Court accepts a plaintiff's factual allegations as true when considering a motion to dismiss. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

Plaintiff worked for Defendant as a Strategic Customer Success Manager in Volusia County, Florida from March 4, 2024 to October 14, 2024. (*Id.* ¶ 8). At that time, Plaintiff was a 75-year-old male and one of Defendant's oldest employees. (*Id.* ¶¶ 7, 13). Plaintiff's work was considered exemplary and he regularly received praise from his supervisor. (*Id.* ¶ 9). However, during the summer of 2024, Defendant hired a new Senior Vice President ("**VP**") of Customer Success who openly pledged to "chart a new course" for Plaintiff's department. (*Id.* ¶ 10). In Plaintiff's October 2024 termination meeting with Defendant's Senior VP of Customer Success and VP of Human Resources, Plaintiff was told that he was being fired due to the "changing needs of the company," without further elaboration.[2] (*Id.* ¶ 11). Following Plaintiff's termination, "upon information and belief," Defendant hired a "significantly younger work [sic]" to assume Plaintiff's former job responsibilities. (*Id.* ¶ 12).

Consequently, Plaintiff filed the instant action against Defendant, asserting claims for age discrimination under both the Age Discrimination in Employment Act ("**ADEA**") and the Florida Civil Rights Act ("**FCRA**"). (*Id.* ¶¶ 19–24). Defendant now moves to dismiss the Complaint. (Doc. 20). Plaintiff has responded in opposition (Doc. 21), and the matter is thus ripe for review.

---

[2] Plaintiff's Complaint does not explicitly state the date of Plaintiff's termination meeting. However, the Complaint states that Plaintiff worked for Defendant from "March 4, 2024 until his termination on October 14, 2024." (Doc. 1, ¶¶ 8, 11). Thus, presumably, the termination meeting took place in October. (*See id.*).

## II. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Thus, to survive a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court must view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam). However, though a complaint need not contain detailed factual allegations, pleading mere legal conclusions, or "a formulaic recitation of the elements of a cause of action," is not enough to satisfy the plausibility standard. *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 679; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In sum, the court must: reject conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim; accept well-pled factual

allegations as true; and view well-pled allegations in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 678–79.

## III. DISCUSSION

Defendant moves to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See generally* Doc. 20). Defendant asserts that Plaintiff's Complaint fails to set forth sufficient factual allegations to state cognizable claims under the ADEA and FCRA. (*Id.* at pp. 1–2). Ultimately, the Court agrees and will address its reasoning below.

"The ADEA prohibits employers from discriminating against an employee who is at least 40 years of age because of that employee's age." *Buchanan v. Delta Air Lines, Inc.*, 727 F. App'x 639, 641 (11th Cir. 2018)[3] (citing 29 U.S.C. §§ 623(a)(1), 631(a)). Under the framework articulated by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), a plaintiff may establish a *prima facie* case for age discrimination by alleging that: (1) the plaintiff is a member of a protected class; (2) the plaintiff was subject to an adverse employment action; (3) a substantially younger person filled the lost or sought after employment position; and (4) the plaintiff was qualified for the job. *E.g.*, *Kragor v. Takeda Pharm. Am., Inc.*, 702 F.3d 1304, 1308 (11th Cir. 2012) (citing

---

[3] "Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive." *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018).

*Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1359 (11th Cir. 1999)).[4]

However, the Supreme Court has made clear that a *prima facie* case for age discrimination under the ADEA is an "evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002) ("This Court has never intended that the requirements for establishing a *prima facie* case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."). Thus, in order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff does not need to establish a *prima facie* age-discrimination case. *E.g.*, *Buchanan*, 727 F. App'x at 642. Consequently, only the "ordinary [pleading] rules for assessing the sufficiency of a complaint" under *Iqbal* and *Twombly* apply. *Swierkiewicz*, 534 U.S. at 511. In other words, an employment discrimination complaint must simply "provide enough factual matter to plausibly suggest intentional discrimination." *Buchanan*, 727 F. App'x at 641 (citing *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015)).

Here, Defendant argues that the Complaint should be dismissed because Plaintiff failed to allege facts to satisfy the third element of a *prima facie* case for age discrimination: demonstration that a substantially younger person filled Plaintiff's position or job duties. (Doc. 20, pp. 5–7). Consequently, Defendant

---

[4] "Age discrimination claims brought under the FCRA are analyzed under the same framework as the ADEA." *Testa v. GSA Access Grp., LLC*, No. 24-cv-2739, 2025 WL 1266716, at *2 (M.D. Fla. Apr. 30, 2025) (citing *Rainey v. United Parcel Serv., Inc.*, 816 F. App'x 397, 400 (11th Cir. 2020)). As such, the Court's discussion herein applies to both Plaintiff's ADEA and FCRA claims.

posits that Plaintiff's allegations "fall short of the pleading requirements" and "are insufficient to invoke an inference of age discrimination." (*See generally* Doc. 20). As discussed above, at this stage, Plaintiff need not provide "specific facts establishing a *prima facie* case of discrimination"; Plaintiff merely must set forth sufficient facts to advance a plausible claim that Defendant discriminated against him based on his age. *See Swierkiewicz*, 534 U.S. at 508–11; *e.g.*, *Buchanan*, 727 F. App'x at 641–42; *Booth v. GTE Federal Credit Union*, No. 21-cv-1509, 2021 WL 5416690, at *3 (M.D. Fla. Nov. 20, 2021). Ultimately, however, the Court finds that Plaintiff has not done so.

For example, in *Buchanan*, the plaintiff alleged that the defendant's CEO publicly announced that the defendant planned to "push to hire younger workers such that half of [the defendant's] workforce could be comprised of millennials by 2020." 727 F. App'x at 641. In combination with the plaintiff's other allegations— that the plaintiff had an excellent work record, the company fired older workers over minor infractions while not disciplining the younger workers for those same actions, and the newer hires consisted mainly of millennials—the Eleventh Circuit found that the complaint alleged enough facts to "raise [the plaintiff's] right to relief above a speculative level." *Id.* at 641–42.

Similarly, in *Booth*, the defendant argued that the plaintiff failed to allege that a substantially younger person replaced the plaintiff, "or that other similar employees were treated better because they were younger," and thus, the complaint should be dismissed. 2021 WL 5416690, at *3. However, the *Booth* court

6

found that "to the extent that [the plaintiff's] statement[s are] conclusory, [the plaintiff] backs it up with an example." *Id.* Specifically, the *Booth* plaintiff cited to an employee similarly situated to the defendant—Yuri, an approximately 38-year-old—who had taken "money from a member's account for his own use" and yet, had "not [been] fired for worse misconduct than that cited as a reason for firing the plaintiff." *Id.* Thus, the *Booth* court held that, "[t]aking these allegations as true and drawing every reasonable inference in [the plaintiff's] favor, [the plaintiff] plausibly alleges that [the defendant] treated similar employees differently based on age and replaced [the plaintiff] with a substantially younger employee." *Id.*

Here, Plaintiff alleges that, in the summer of 2024, Defendant hired a new Senior VP of Customer Success who openly pledged to "chart a new course" for Plaintiff's department. (Doc. 1, ¶ 10). The Complaint proceeds to state that, a few months later, Plaintiff was fired due to "changing needs of the company"—without elaboration as to what such "changing needs" were. (*Id.* ¶ 11). Then, "upon information and belief," Defendant hired a significantly younger worker following Plaintiff's departure. (*Id.* ¶ 12).

Ultimately, unlike in *Booth*, Plaintiff does not back up his allegations with "an example." 2021 WL 5416690, at *3; (*see* Doc. 1). Moreover, Plaintiff does not allege *any* facts regarding his replacement. *See, e.g.*, *Nunez v. City of Pompano Beach*, No. 20-62626-CIV, 2021 U.S. Dist. LEXIS 263678, 2021 WL 9957861, at *3 (S.D. Fla. Apr. 20, 2021) (concluding that the plaintiff's vague allegation that the defendant, after firing the plaintiff, "then retain[ed] and/or hir[ed] less qualified

7

individuals who were under the age of 40," fell "woefully short of alleging that a substantially younger person filled the position from which [the plaintiff] was discharged").

Further, contrary to the plaintiff in *Buchanan*, Plaintiff fails to expound upon what Defendant's vague "changing needs" were, what "chart[ing] a new course" meant for Defendant's business, and how such allegations connect, if at all, to Plaintiff's termination for age discrimination. *See* 727 F. App'x at 641; (Doc. 1). Without more, such allegations are insufficient to support a plausible inference of age discrimination.

Defendant also argues that Plaintiff's allegation that "Defendant hired a significantly younger work[er] to assume all or most" of Plaintiff's job responsibilities was merely made "upon information and belief" and thus, should be fully discounted. (Doc. 20, pp. 5–6; *see* Doc. 1, ¶ 12). Although the phrase "upon information and belief" alone does not grant the Court automatic permission to disregard an allegation, such allegations are generally not taken as true if not supported by sufficient facts. *See Mann v. Palmer*, 713 F.3d 1306, 1315 (11th Cir. 2013); *Pastore v. GT Mktg. Grp. USA, Inc.*, No. 6:21-cv-1483-PGB-DCI, 2022 WL 409414, at *3 (M.D. Fla. Feb. 10, 2022); *Iqbal*, 556 U.S. at 679.

Here, as addressed previously, Plaintiff simply states that, after his "termination, and upon information and belief, Defendant hired a significantly younger work [sic] to assume all or most of the job responsibilities that Plaintiff

8

performed for the company." (Doc. 1, ¶ 12). Alas, such a statement was not supported by *any* further factual allegations. (*See id.*).

In sum, Plaintiff's Complaint "stops short of the line between possibility and plausibility of entitlement to relief," making leave to amend appropriate. *See Iqbal*, 556 U.S. at 678; *see Buchanan* 727 F. Appx. at 641.[5]

## IV. CONCLUSION

For these reasons, it is hereby **ORDERED AND ADJUGED** as follows:

1. Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 20) is **GRANTED**.

2. The Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

3. On or before **September 5, 2025**, Plaintiff may file an amended complaint in compliance with this Order and all applicable rules and law. Failure to timely comply with this Order will result in the closure of this action without further notice.

**DONE AND ORDERED** in Orlando, Florida on August 23, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

---

[5] In the Motion, Defendant also argues that the Complaint should be dismissed because Plaintiff failed to allege direct evidence of discrimination. (Doc. 20, pp. 7–9). However, at this stage in the proceedings, such is not required. *See Swierkiewicz*, 534 U.S. at 511.

9

Counsel of Record
Unrepresented Parties